NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-157

COMMONWEALTH

vs.

CARMEN CRUZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On May 18, 2022, a Superior Court jury convicted the defendant, Carmen Cruz, of one count of strangulation or suffocation and one count of assault and battery on a family or household member.  On appeal, the defendant argues that the trial judge erred in allowing a video recording of the assault and battery to be played more than once at the trial.  We affirm.

Background.  We summarize the trial evidence as follows. The victim and her daughter entered the United States unlawfully in June 2018.  Prior to their arrival, the victim communicated with the defendant in order to arrange travel plans and a place to live once they arrived in the United States.  Upon arriving,

the victim and her daughter were detained in immigration custody, and the defendant helped get them released. In Massachusetts, the victim and her daughter lived with the defendant in a basement apartment, in which the defendant and the victim shared a bedroom, and the daughter slept in the living room.

One evening in March 2019, the victim and her daughter were on the daughter's bed in the living room. At one point, the defendant came into the living room and started attacking the victim. According to the victim's testimony, the defendant put himself on top of her, pinned her shoulders down, yelled insults at her and her daughter, hit her, and grabbed her by the neck to the point where she could not breath. The victim's daughter recorded a video of a portion of the attack on her cell phone. When the defendant realized she was recording, he became upset, insulted her, and told her to stop. After this, the defendant walked away. The victim testified that on the same evening, the defendant forcibly had sex with her, as he had done on multiple occasions in the past.

The victim and her daughter reported the March 2019 incident the following month during a meeting with school staff members and a police officer. There, the victim's daughter showed the police officer the video of the assault. Later that day, police officers went to the defendant's home and arrested

2

him.  The defendant was indicted in November 2019 on eight counts of rape (six of which were nol prossed prior to trial), one count of strangulation or suffocation, and one count of assault and battery on a family or household member.

A jury trial began on May 12, 2022.  The Commonwealth referenced the video in its opening statement, saying that it depicted how the defendant "puts his hands on [the victim] and grabs her arm and pulls it across her chest" and "also struck [the victim] in her shoulder."  Over the course of the trial, the video was shown in full twice.[1]  The first time was after the victim's testimony of the event, and it was entered in evidence without objection, along with an English translation of the audio.  The video shows a man arguing in Spanish with a woman. At one point, the woman tries to push the man away and he begins to grab her arms and push himself onto her while she continues to struggle.  After the video was played, the victim identified herself and the defendant as the people shown in the video, and her daughter as the off-screen person whose voice is heard.

The video was shown again during the daughter's testimony, this time over the defendant's objection.  The daughter testified that she took her phone out to record the defendant

---

[1] A nine second clip from the video was also shown before a police officer's testimony to confirm the video he was referring to was the same as the one in question.

and her mother because "[the defendant] was very abusive and tried to strangle [the victim]." At no point did the prosecutor or any of the witnesses imply that the video showed the defendant strangling the victim. During closing arguments, the defendant emphasized to the jury that they "did not see strangulation and . . . did not see a rape" on the video. The Commonwealth made no argument to the contrary, while accurately stating that it did depict violence by the defendant against the victim.

The jury found the defendant not guilty of the remaining two rape charges, guilty of strangulation or suffocation, and guilty of assault and battery on a family or household member.

Discussion. The appeal before us is exceedingly narrow. The defendant acknowledges, as he must, that the video had significant probative value, showing as it does a crime charged in progress. Accordingly, he makes no claim that the judge erred in admitting the video in evidence and allowing it to be played for the jury. In addition, he acknowledges that once the video was admitted in evidence, the jury could have watched it as often as they wanted. See Commonwealth v. Freiberg, 405 Mass. 282, 305 (1989). Nevertheless, the defendant maintains that the trial judge abused his discretion in allowing the video

4

to be played for the jury a second time.[2]  According to him, the probative value of showing the video a second time was only slight, and that doing this was substantially outweighed by the video's prejudicial value.  See Mass. G. Evid. § 403 (2024) (evidence must be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues . . ., or needless presentation of cumulative evidence").  We are unpersuaded.

To be sure, the video is indeed disturbing to watch, precisely because it shows a physical attack on the victim in progress.  However, the relevant question is not whether the second showing of the video was prejudicial, but whether it was underline_unfairly prejudicial.  Notably, the playing of the video during the daughter's testimony served various proper purposes, such as corroborating the victim's earlier identification of the people in the video and providing context for the daughter's own testimony about the abuse.  Showing the video twice was neither unfairly prejudicial nor needlessly cumulative.  The judge did not abuse his discretion in allowing the video to be played a second time.

_____

[2] The defendant makes an additional argument that the Commonwealth's description of the video in its closing argument could have confused the jury into believing the video showed the defendant strangling the victim.  This merits little discussion as the Commonwealth accurately described the timing and content of the video.

We additionally note that the jury's ability to watch the video as many times as they pleased makes it difficult for the defendant to demonstrate prejudice even if playing the video a second time during trial had been error.[3]  In fact, in light of the chaotic nature of what is shown on the video, it is highly likely that the jury took the opportunity to replay the video themselves.

Judgments affirmed.

By the Court (Milkey, Sacks &
 Smyth, JJ.[4]),

*Anne M. Thomas*
Assistant Clerk

Entered:  May 16, 2024.

---

[3] It also bears noting that the jury acquitted the defendant of the most serious charges.

[4] The panelists are listed in order of seniority.